SADHANA D. NARAYAN
GREGORY M. FRANCHI
SHIVA TAVAKOLI
AUDREY D. BOJACK
RAZELLE P. ESPINOSA
JULIE L. CHO
TREVA R. STEWART

THE NARAYAN LAW FIRM
1860 EL CAMINO REAL, SUITE 439
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 259-3300
FAX (650) 259-3318
E-MAIL: NARAYANLAW@NARAYANLAW.COM

SOUTH BAY OFFICE:
1585 HOMESTEAD ROAD, SUITE D
SANTA CLARA, CALIFORNIA 95050
TELEPHONE (408) 248-8959
FAX (408) 244-7347

EAST BAY OFFICE:
1212 BROADWAY, SUITE 704
OAKLAND, CALIFORNIA 94612
TELEPHONE (510) 839-5350
FAX (510) 839-5355

February 8, 2006

Honorable Judge White
United States District Court
Northern District of California'
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

**CHAMBERS COPY**

Case Name:     *John P. Simon v. D. Bradley, et al.*
Case Number:   CD 02-01512 JSW (PR)
Our File No:   2221.00

RE: **REQUEST FOR LEAVE OF COURT FOR DEPOSITION OF PRISONER RONDELL JOHNSON (FRCP §30 (a) (2))**

Defendant D. Bradley hereby applies to the Court for an Order permitting the deposition of prisoner Rondell Johnson.

Gregory M. Franchi, Counsel for Defendant D. Bradley, has met and conferred by telephone on February 6, 2006 with Daniel Valim, Counsel for Plaintiff, and Mr. Valim does not oppose Defendant's request for leave of Court.

According to Plaintiff's Responses to Defendant's First Set of Interrogatories, Rondell Johnson is identified as Plaintiff's only witness to the alleged spraying incident on July 2, 2001. Mr. Johnson is identified as prisoner number BAW436 located at 5325 Broder Blvd., Santa Rita Jail 2-B-5, Dublin, CA 94568-3309. (Attached hereto is a true and correct copy of Plaintiff's Responses to Interrogatory No. 1). Since Mr. Johnson is the only witness disclosed by Plaintiff, he is a key witness in this case. To date, Defendant Bradley has only taken the deposition of plaintiff Simon and does not intend to notice any further non-expert depositions except for Mr. Johnson.

Pursuant to FRCP § 30 (a)(2), "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26 (b)(2), if the person to be examined is confined in prison..." In the instant case, granting Defendant Bradley permission to depose Mr. Johnson is certainly consistent with Rule 26(b)(2). First, the

discovery sought is not unreasonably cumulative or duplicative. Secondly, a deposition is only manner to obtain discovery from the witness. Third, the deposition will be of considerable benefit to both parties in determining the facts surrounding the incidents of July 2, 2001.

Lastly, it should be noted that since the incident occurred in prison, it was highly likely one of the witnesses would be a prisoner. Therefore, it does not appear to be unreasonable for the Court to allow a deposition of a prisoner under the circumstances.

For the foregoing reasons, Defendant Bradley respectfully requests the Court grant leave of court to permit the deposition of prisoner Rondell Johnson.

Dated: February 8, 2006

Gregory M. Franchi
Attorney for Defendant
Deputy D. Bradley

Plaintiff does not oppose Defendant's request for leave of Court to permit the deposition of Rondell Johnson.

Dated: February 8, 2006

Daniel J. Valim, Esq.
Attorney for Plaintiff
John P. Simon

ORDER

Having considered Defendant's letter brief for leave of court to take the deposition of prisoner, Rondell Johnson, and finding good cause therefor,

It is HEREBY ORDERED that Defendant Bradley is granted leave of court to take the deposition of prisoner, Rondell Johnson.

Dated: 2-14-06

Judge Jeffrey White
United States District Judge

IT IS SO ORDERED
Judge James Larson