UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN P. SIMON,

    Plaintiff,

    v.

D. BRADLEY, ET AL.,

    Defendants.
_____/

No. C 02-1512 JSW  (JL)

**ORDER Granting in Part Request for Discovery (Docket # 91)**

## Introduction

Plaintiff John P. Simon is suing D. Bradley and other defendants for an alleged violation of his civil rights under 42 U.S.C. §1983. Plaintiff was a civil detainee at Alameda North County Jail in 2001. He claims Bradley sprayed him with some form of pepper spray while he was behind a locked cell door and that the spraying was unprovoked. Bradley denies the incident occurred.

All discovery has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72.

## Discovery Dispute

Plaintiff initially asked the Alameda County Sheriff's Department to produce documents related to incidents of the use of defense spray at North County Jail between 1995 and 2001. The Sheriff's Department objected on the basis of overbreadth, relevance

and burden. Both sides conferred and attempted to narrow the scope of the request. Plaintiff now requests all inmate grievance reports alleging the use of defense sprays at the jail from 2001 to the present. Plaintiff argues that the records might reveal evidence showing how often pepper spray was used on inmates, who used it, for what purpose, and whether or not the use was justified, and if not was the officer involved disciplined. Plaintiff relies as well on recent deposition testimony from Sheriff's Department personnel which reveals that Sheriff's officers were instructed not to use the spray inside the cells because the ventilation system could possibly spread the spray into other areas, causing widespread discomfort. Plaintiff anticipates the Sheriff's Department using this policy to prove the spray was not used on Plaintiff.

Defendant objects that Plaintiff's request is too broad as to time and that even reviewing and producing documents related to the 125 inmate complaints received during 2001 would take Sheriff's deputies 63 hours over a three week period.

**Analysis**

Rule 26(b)(1), Federal Rules of Civil Procedure, permits a party to obtain discovery of any non-privileged material which is relevant to a claim or defense of any party. This Court finds that documents related to complaints about the use of defense spray during the year that Plaintiff was confined at North County Jail, when he alleges he was sprayed, would be relevant to show similar incidents and the Sheriff's Department response to them.

Rule 26 also permits a court to limit discovery which is too burdensome in proportion to its likely benefit to the case, among other factors. FRCP 26(b)(2)(iii). Defendants have demonstrated that there would be some burden of reviewing and producing documents even for the year that Plaintiff was confined at North County Jail. However, this burden is not excessive, in proportion to the relevance of the information. Accordingly, this Court orders Defendants to produce documents related to complaints of incidents involving defense spray occurring in 2001. Compliance shall be due four weeks from the e-filing of this order.

1     IT IS SO ORDERED.

2 DATED: April 4, 2006

_____
JAMES LARSON
Chief Magistrate Judge