S. D. Narayan, Esq. (SBN 130964)
Shiva Tavakoli Esq. (SBN 184264)
Gregory M. Franchi Esq. (SBN 133705)
THE NARAYAN LAW FIRM
1860 El Camino Real, Suite 439
Burlingame, California 94010
Telephone: (650) 259-3300
Facsimile: (650) 259-3318

Attorneys for Defendant
ALAMEDA COUNTY SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SIMON, | **Case No.: C 02-1512 JSW** |
| Plaintiff, | **AMENDED STIPULATION FOR PROTECTIVE ORDER AND CONFIDENTIALITY OF DOCUMENTS ACQUIRED DURING DISCOVERY AND ORDER** |
| v. | |
| D. BRADLEY and W. EGGERS, et al., | |
| Defendants. | |
| _____/ | |

Subject to the approval of this Court, the parties, by and through their attorneys of record herein, hereby stipulate to the following Protective Order:

1. Good cause existing, the above entitled Court shall enter a Protective Order.

2. This Order shall apply to any document, thing, material, testimony or other information derived therefrom, designated as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"), including but not limited to documents produced (other than documents already in the public domain), answers to interrogatories, responses to requests for admissions and deposition testimony, submitted by or obtained from D. Bradley or the Alameda County Sheriff's Department.

3. County asserts confidential information consists of information that has not been made public and which concerns or relates to the processes, operations, type or work, the disclosure of which information may have the effect of jeopardizing the health and safety of County personnel as well as interfering with the County's operation of its correctional facilities.

1   4.      The term "DOCUMENT " includes writings, prints, magnetic images, computer
2   data, exhibits, answers to interrogatories, responses to requests for admissions, and
3   deposition transcripts produced or created unilaterally, or by request of any party to this
4   action.
5   5.      Confidential documents shall be so designated by stamping copies of the
6   document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend
7   "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of
8   the document as confidential, unless otherwise indicated by the producing party.
9   6.      Testimony taken at a deposition, conference, hearing or trial may be designated as
10  Confidential by making a statement to that effect on the record at the deposition or other
11  proceeding.  Arrangements shall be made with the court reporter taking and transcribing
12  such proceeding to separately bind such portions of the transcript containing information
13  designated as confidential, and to label such portions appropriately.
14  7.      Material designated as Confidential under this Order, the information contained
15  therein, and any summaries, copies, abstracts, or other documents derived in whole or in
16  part from material designated as Confidential (hereinafter "Confidential Material") shall
17  be used only for the purpose of the prosecution, defense, or settlement of this action, and
18  for no other purpose.
19  8.      Confidential Material produced pursuant to this Order may be disclosed or made
20  available only to the Court, to counsel for a party (including the paralegal, clerical, and
21  secretarial staff employed by such counsel), and to the "qualified persons" designated
22  below:
23          (a)     a party, or an officer, director, or employee of a party deemed necessary by
24  counsel to aid in the prosecution, defense , or settlement of this action;
25          (b)     experts or consultants (together with their clerical staff) retained by such
26  counsel to assist in the prosecution, defense, or settlement of this action;
27          (c)     court reporter(s) employed in this action;
28          (d)     a witness at any deposition or other proceeding in this action; and

1     (e)    any other person as to whom the parties in writing agree.

2     Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6   9.    Depositions shall be taken only in the presence of qualified persons.

7   10.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 7(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in the order with respect to confidentiality shall also apply.

17   11.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

21   12.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential- Subject to Court Order" and filed under seal until further order of this Court. Prior to filing any Confidential Material, the parties must obtain a court order authorizing the document to be sealed under Civil Local Rules 79-5 and 7-11.

27   13.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such

1 shall take all reasonable steps to maintain its confidentiality during such use.

2 14.  This Order shall be without prejudice to the right of the parties (I) to bring before
3 the Court at any time the question of whether any particular document or information is
4 confidential or whether its use should be restricted or (ii) to present a motion to the Court
5 under FRCP 26(c) for a separate protective order as to any particular document or
6 information, including restrictions differing from those as specified herein.  This Order
7 shall not be deemed to prejudice the parties in any way in any future application for
8 modification of this Order.

9 15.  This Order is entered solely for the purpose of facilitating the exchange of
10 documents and information between the parties to this action without involving the Court
11 unnecessarily in the process.  Nothing in this Order nor the production of any information
12 or document under the terms of this Order nor any proceedings pursuant to the Order shall
13 be deemed to have the effect of any admission or waiver by either party or of altering the
14 confidentiality or non-confidentiality of any such document or information or altering any
15 existing obligation of any party or the absence thereof.

16 16.  This Order shall survive the final termination of this action, to the extent that the
17 information contained in Confidential Material is not or does not become known to the
18 public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
19 information disclosed hereunder.  Upon termination of this case, counsel for the parties
20 shall assemble and return to each other all documents, material and deposition transcripts
21 designated as confidential and all copies of same, or shall certify the destruction thereof.

22 17.  Any violation of the Protective Order shall be punishable by contempt of court
23 and such additional and further remedies as may be available.

24
25
26
27
28

SO STIPULATED:

DATED: March 28, 2006              THE NARAYAN LAW FIRM

                                   _____
                                   Gregory M. Franchi
                                   Attorney for Defendant
                                   Alameda County Sheriff's Department

/ / /

DATED: March 28, 2006              REED SMITH LLP


                                   _____
                                   Daniel J. Valim
                                   Attorney for Plaintiff
                                   John P. Simon

APPROVED AND SO ORDERED

DATED: April 4, 2006



                                   _____
                                   United States District Judge